AO 243   (Rev. 5/85)

### MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District   Southern District of Alabama | |
|---|---|---|
| Name of Movant<br>Tony Lee Mitchell | Prisoner No.<br>07774-003 | Case No.<br>CR09-00281 |

Place of Confinement

Federal Satellite Camp    Edgefield, South Carolina

---

UNITED STATES OF AMERICA             V.    Tony Lee Mitchell

(name under which convicted)

---

### MOTION

1. Name and location of court which entered the judgment of conviction under attack ___United States___

District Court        Mobile, AL

2. Date of judgment of conviction     8-17-10

3. Length of sentence     123 months

4. Nature of offense involved (all counts)   Count 1: 21 U.S.C. 846 Attempt to manufacture

methamphetimine;  Count 2:  U.S.C.  924 (c) (1) Using and carrying a firearm

during a drug trafficking felony;  Count 3:  922 (G)(1) Felon in possession

of a firearm;  Count 4: 26 U.S.C. 5861 (d)  Possession of an unregistered firearm

5. What was your plea? (Check one)
   (a) Not guilty                ☐
   (b) Guilty                    ☒
   (c) Nolo contendere           ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have?  (Check one)
   (a) Jury              ☐
   (b) Judge only        ☐

7. Did you testify at the trial?
   Yes  ☐        No ☐

8. Did you appeal from the judgment of conviction?
   Yes  ☐        No ☐

FILED JUL 11 '11 PM 1 49 USDCALS

AO 243   (Rev. 5/85)

9.   If you did appeal, answer the following:

(a) Name of court _____

(b) Result _____

(c) Date of result _____

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes   ☐      No   ☒

11.   If your answer to 10 was "yes," give the following information:

(a)  (1) Name of court _____

(2) Nature of proceeding _____
_____

(3) Grounds raised _____
_____
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes   ☐      No   ☐

(5) Result _____

(6) Date of result _____

(b)  As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Name of proceeding _____
_____

(3) Grounds raised _____
_____
_____
_____
_____

AO 243   (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☐   No ☐
(2) Second petition, etc.       Yes ☐   No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

AO 243   (Rev. 5/85)

    (c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

    (d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

    (e)  Conviction obtained by a violation of the privilege against self-incrimination.

    (f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

    (g)  Conviction obtained by a violation of the protection against double jeopardy.

    (h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

    (i)  Denial of effective assistance of counsel.

    (j)  Denial of right of appeal.

A.  Ground one:   Ineffective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law):  Counsel violated Petitioner's Sixth Amendment right to effective assistance of Counsel when she advised and allowed Petitioner to plead guilty to Count 2, a 924 (c)(1) violation while knowing the guns were not used or carried in the furtherance of a drug trafficking crime.

B.  Ground two:   Ineffective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law):  Counsel violated Petitioner's Sixth Amendment rights by allowing Probation to enhance his sentence by three levels for substantial risk of harm.  Petitioner's Counsel failed to provide Petitioner a duty to use knowledge and skill in defending him and further failed to provide any adversarial  process to the sentence hearing.

C.  Ground three:

Supporting FACTS (state *briefly* without citing cases or law):  Petitioner challenges the adequacy of factual admissions to support his conviction of Count 2, 18 U.S.C. 924 (c)(1), using and carrying a firearm in connection with a drug trafficking felony.

(5)

AO 243    (Rev. 5/85)

D.  Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐      No ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)  At preliminary hearing ___Latisha V. Colvin, Federal Public Defenders Office,___

___11 North Water Street, Suite 11290  Mobile, AL  36602___

(b)  At arraignment and plea ___See item (a)___

_____

(c)  At trial ___See item (a)___

_____

(d)  At sentencing ___see item (a)___

_____

AO 243   (Rev. 5/85)

(e)  On appeal ___n/a___

(f)  In any post-conviction proceeding _____n/a_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding _____n/a_____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes  XX     No  ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes  ☐     No  XX

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

(b)  Give date and length of the above sentence: _____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_7/6/11_____
Date

_____
Signature of Petitioner

(7)

STATEMENT IN SUPPORT
OF 2255 MOTION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| V | ) |
| TONY LEE MITCHELL | ) Criminal Case:   09-00281-CG |
| | ) |

Now comes Tony Lee Mitchell, Federal Register No. 07774-003 (Petitioner) and files the 2255 Motion to Vacate, Set Aside or Correct a Sentence (2255 Motion) within the 12 months allowed by law and who is serving a sentence under judgment at Edgefield FCI, Edgefield, South Carolina.

Petitioner respectfully requests the Court to view the allegations liberally due to the 2255 Motion being prepared by the Petitioner pro se.

Petitioner's plea agreement had a limited Waiver of Right to Appeal Sentence section.  Petitioner was told by Counsel that Item #19 allows the defendant to: "Contest in an appeal or post-conviction proceeding any of the following:...(c) a claim of ineffective assistance of Counsel."  Therefore the Petitioner files the 2255 Motion attacking his sentence based on ineffective assistance of counsel and other Constitutional rights of the Petitioner that were violated during the proceedings.

Count One – Ineffective Assistance of Counsel

Counsel violated Petitioner's Sixth Amendment right to effective assistance of counsel when she allowed and advised Petitioner to plead guilty to Count 2, a 924 (c)(1) violation while knowing the guns were not used or carried in the furtherance of a drug crime.

During the Petitioner's plea hearing, Petitioner's Counsel stated on the record

1

that the guns were only possessed and not used or carried.  The U.S. Attorney did not object to Counsel's statement about mere possession of guns.  Petitioner's Counsel denying a critical element of the charge for Count 2 surely should not constitute allowing the Petitioner to plead guilty to the charge and still be considered effective.

Further, the U.S. Attorney's duty is to be fair.  The U.S. Attorney should have asked that the charge for Count 2 be dismissed at the plea hearing if their objective was fairness and doing the right thing by the Petitioner.

Counsel was ineffective by allowing Petitioner to plead guilty to a count he was factually innocent of and this affected his sentence and punishment.


Count Two – Ineffective Assistance of Counsel

Petitioner's Counsel violated his Sixth Amendment rights by allowing Probation to enhance his sentence by three levels for Substantial Risk of Harm.  Petitioner's Counsel failed to provide Petitioner a duty to use knowledge and skill in defending him and further failed to provide any adversarial process to the sentence hearing. Probation wrote in the Pre-Sentence Report "Item #23 – Specific Offense Characteristics-Pursuant to the provisions of USSG 2D1.1 (b)(10)(c)(ii), since the offense involved the manufacture of methamphetamine, the offense created a substantial risk of harm to human live, increase by three levels."

Neither the language of 2D1.1 (b)(10)(c)(ii) nor its commentary suggest that the Substantial Risk of Harm enhancement applies any time methamphetamine is manufactured in anything less than a professional lab.  There are factors to consider within the Commentary which clearly reflect the situation involving Petitioner was not a substantial risk of harm to human life.

2

Counsel was ineffective in not understanding or either reviewing the Commentary and case law concerning the enhancement.  Commentary clearly suggest just the manufacture of meth is not substantial risk and further, case law takes it a step further and forces the government to document and prove the substantial risk rather than allowing Probation to apply the enhancement simply because Petitioner was manufacturing methamphetamine.

There are no fact within the Petitioner's factual resume which would lend either Probation, the Government and especially his Counsel to conclude that any of the four factors to consider for substantial risk of harm applies to this case.

Petitioner's sentence and punishment was affected by Counsel's failure to understand the factors and dispute the Substantial Risk of Harm as any other reasonable attorney serving in the best interest of their client would have done.


Count Three -

Petitioner challenges the adequacy of the factual admissions to support his conviction of Count Two, 18 U.S.C.§924(c)(1), using and carrying a firearm in connection with a drug trafficking felony.

The factual resume filed 2/18/10 with the Petitioner's change of plea agreement along with other material contain no facts that either of the guns found during the search were used or carried in the furtherance of a drug transaction.

Petitioner is factually and actually innocent of the Count Two charge.  There was an actual error in charging Petitioner with Count 2 when no facts were presented of present which would support the guns were used or carried in a drug crime. The error substantially affected the Petitioner's sentence and punish ment.

3

Petitioner respectfully submits he has presented sufficient grounds to establish cause for filing the 2255 Motion.  Petitioner further submits that he has as soundly and convincingly as a pro se Petitioner can, established significant professional errors, each of which are prejudicial to the Petitioner.

For the foregoing, Petitioner respectfully submits he is entitled to a evidentiary hearing as to each claim within the 2255 Motion.  Secondly, Petitioner respectfully submits that he is entitled to have his sentence vacated and to be resentenced based on the fact in accordance with the 2255 Motion.  Petitioner's revised sentence based on the facts would be significantly less than his current sentence.

Respectfully submitteed  this the 6th day of July, 2011, placing both the original and two copies in the institutional mailbox at FCI Edgefield, Edgefield, SC in a postage paid envelope to the Clerk of the Court, Southern District of Alabama.


Tony Lee Mitchell
Reg. No. 07774-003

Tony Mitchell
07774-003
Federal Satellite Camp
P.O. Box 725
Edgefield S.C. 29824

⇔07774-003⇔
Clerk Of The Court
113 Saint Joseph ST
Mobile, AL - 36602
United States