```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF ALABAMA


   UNITED STATES OF AMERICA
                                          MOBILE ALABAMA
   v.
                                          COURTROOM 2B
   PETER J. DUPONT and
                                          CR09-00231
   TONY LEE MITCHELL,
                                          CR09-00281
        Defendants.
                                          THURSDAY, FEBRUARY 18, 2010
   * * * * * * * * * * * * * *

                        GUILTY PLEAS
           BEFORE THE HONORABLE CALLIE V. S. GRANADE,
           CHIEF JUDGE, UNITED STATES DISTRICT COURT

   APPEARANCES:

   FOR THE GOVERNMENT:
        DARYL A. ATCHISON
        Assistant United States Attorney
        United States Attorney's Office
        63 S. Royal Street, Suite 600
        Mobile, AL  36602
        (251) 441-5845
   FOR THE DEFENDANT PETER J. DUPONT:
        LINDA COLLINS JENSEN
        P.O. BOX 40074
        MOBILE, AL  36640
        (251) 441-0081
   FOR THE DEFENDANT TONY LEE MITCHELL:
        LATISHA COLVIN
        Federal Defenders, Inc.
        Southern District of Alabama
        11 North Water Street, Suite 11290
        Mobile, AL  36602
        (251) 433-0910
   THE CLERK:  MARY ANN BOYLES
   COURT REPORTER:  ROY ISBELL, CCR, RDR, CRR


        Proceedings recorded by OFFICIAL COURT REPORTER
        Qualified pursuant to 28 U.S.C. 753(a) & Guide to
     Judiciary Policies and Procedures Vol. VI, Chapter III, D.2.
           Transcript produced by computerized stenotype.
```

```
 1            (10:30 a.m., in open court, defendants present.)
 2            THE CLERK:  Cases set for guilty plea hearings in
 3  United States of America versus Peter J. DuPont, criminal case
 4  number 09-231.  Mr. DuPont, Ms. Jensen, please come forward and
 5  stand to your right.
 6            And in United States of America versus Tony Lee
 7  Mitchell, criminal case number 09-281.  Mr. Mitchell,
 8  Ms. Colvin, please come forward and stand to the left of
 9  Mr. DuPont and Ms. Jensen.
10            THE COURT:  All right.  Mr. DuPont, I understand
11  you're pleading guilty to counts two and four; is that correct?
12            DEFENDANT DUPONT:  Yes, ma'am.
13            THE COURT:  Sorry?
14            DEFENDANT DUPONT:  Yes, ma'am.
15            THE COURT:  Okay.  And, Mr. Mitchell, you're pleading
16  guilty to all four counts?
17            DEFENDANT MITCHELL:  Yes, ma'am.
18            THE COURT:  All right.  Would you place the defendants
19  under oath.
20            THE CLERK:  Yes, ma'am.
21            Mr. DuPont, Mr. Mitchell, raise your right hands as
22  best you can.
23       (The defendants were sworn.)
24            DEFENDANT DUPONT:  I do.
25            DEFENDANT MITCHELL:  Uh-huh (nodding head
```

```
 1   affirmatively).
 2           THE COURT:  All right.  Now, you're going to have to
 3   answer the questions out loud.  And although some of the
 4   questions I ask may seem like you're supposed to answer at the
 5   same time, my court reporter needs to take down your answers
 6   individually.  So when I ask you a question like that,
 7   Mr. DuPont, if you'll answer first and then, Mr. Mitchell, if
 8   you will answer after that.
 9           DEFENDANT MITCHELL:  Yes, ma'am.
10           DEFENDANT DUPONT:  Yes, ma'am.
11           THE COURT:  Do each of you understand that you're now
12   under oath and that if you answer any of my questions falsely,
13   those answers may later be used against you in a separate
14   prosecution for perjury or for making a false statement?
15           DEFENDANT DUPONT:  Yes, ma'am.
16           DEFENDANT MITCHELL:  Yes, ma'am.
17           THE COURT:  All right.  Mr. DuPont, what is your full
18   name?
19           DEFENDANT DUPONT:  Peter Joseph DuPont.
20           THE COURT:  And how old are you?
21           DEFENDANT DUPONT:  35.
22           THE COURT:  How far did you go in school?
23           DEFENDANT DUPONT:  Two years college.
24           THE COURT:  All right.  And Mr. Mitchell, what is your
25   full name?
```

```
 1             DEFENDANT MITCHELL:  Tony Lee Mitchell.
 2             THE COURT:  How old are you?
 3             DEFENDANT MITCHELL:  I'm 41.
 4             THE COURT:  How far did you go in school?
 5             DEFENDANT MITCHELL:  I graduated high school.
 6             THE COURT:  Have either of you been treated recently
 7   for any mental illness or addiction to narcotic drugs of any
 8   kind?
 9             DEFENDANT DUPONT:  No, ma'am.
10             DEFENDANT MITCHELL:  No, ma'am, I've not been treated.
11             THE COURT:  Are either of you currently under the
12   influence of any drug, medication, or alcoholic beverage?
13             DEFENDANT DUPONT:  No, ma'am.
14             DEFENDANT MITCHELL:  No, ma'am.
15             THE COURT:  Have each of you received a copy of the
16   indictment; that is, the written charges in your case?
17             DEFENDANT DUPONT:  Yes, ma'am.
18             DEFENDANT MITCHELL:  Yes, ma'am.
19             THE COURT:  And have you fully discussed those charges
20   and the case in general with your attorney?
21             DEFENDANT DUPONT:  Yes, ma'am.
22             DEFENDANT MITCHELL:  Yes, ma'am.
23             THE COURT:  Do you understand the charges pending
24   against you?
25             DEFENDANT DUPONT:  Yes, ma'am.
```

```
 1              DEFENDANT MITCHELL:  Yes, ma'am.
 2              THE COURT:  Are you fully satisfied with the counsel,
 3   representation, and advice given to you in your case by your
 4   attorney?
 5              DEFENDANT DUPONT:  Yes, ma'am.
 6              DEFENDANT MITCHELL:  Yes, ma'am.
 7              THE COURT:  Now, for each of you I've been provided
 8   with a plea agreement and a factual resume, and I understand
 9   that there's some problems in that portions of the factual
10   resume are incorrect in Mr. Mitchell's case.  But I'll ask each
11   of you to take a look at the plea agreement and factual resume
12   that I've been provided and tell me on the record whether that
13   is your plea agreement and factual resume and whether you
14   signed those documents.
15              DEFENDANT DUPONT:  Yes, ma'am.
16              DEFENDANT MITCHELL:  Yes, ma'am.
17              THE COURT:  Did each of you have the opportunity to
18   read and discuss the plea agreement with your attorney before
19   you signed it?
20              DEFENDANT DUPONT:  Yes, ma'am, I did.
21              DEFENDANT MITCHELL:  Yes, ma'am.
22              THE COURT:  And does your plea agreement represent all
23   of the agreements that you have with the United States
24   Government concerning your case?
25              DEFENDANT DUPONT:  Yes, ma'am.
```

```
 1              DEFENDANT MITCHELL:  Yes, ma'am.
 2              THE COURT:  Do you understand the terms of your plea
 3    agreement?
 4              DEFENDANT DUPONT:  Yes, ma'am.
 5              DEFENDANT MITCHELL:  Yes, ma'am.
 6              THE COURT:  Has anyone made any other or different
 7    promises or assurances to you of any kind in an effort to
 8    induce you to plead guilty in your case?
 9              DEFENDANT DUPONT:  No, ma'am.
10              DEFENDANT MITCHELL:  No, ma'am.
11              THE COURT:  Do you understand that certain of the
12    terms of the plea agreements are merely recommendations to the
13    Court and that I can reject those recommendations without
14    permitting you to withdraw your plea of guilty and impose a
15    sentence that's more severe than you might anticipate?
16              DEFENDANT DUPONT:  Yes, ma'am.
17              DEFENDANT MITCHELL:  Yes, ma'am.
18              THE COURT:  Has anyone attempted in any way to force
19    you to plead guilty?
20              DEFENDANT DUPONT:  No, ma'am.
21              DEFENDANT MITCHELL:  No, ma'am.
22              THE COURT:  Are you pleading guilty of your own free
23    will because you are guilty?
24              DEFENDANT DUPONT:  Yes, ma'am.
25              DEFENDANT MITCHELL:  Yes, ma'am.
```

1  THE COURT: Do you understand that the offenses to
2  which you are pleading guilty are felony offenses and that if
3  your plea is accepted, you will be adjudged guilty of those
4  offenses and that such adjudication may deprive you of valuable
5  civil rights, such as the right to vote, the right to hold
6  public office, the right to serve on a jury, and the right to
7  possess any kind of firearm, and because these are drug cases,
8  it could also entail the loss of certain federal benefits?
9  DEFENDANT DUPONT: Yes, ma'am.
10 THE COURT: Do you understand that?
11 DEFENDANT MITCHELL: Yes, ma'am (nodding head
12 affirmatively).
13 THE COURT: All right. Now, Mr. DuPont, in connection
14 with the two counts to which you're pleading guilty, the
15 maximum possible penalty the Court could impose upon conviction
16 of counts -- well, as to count two is a minimum of 10 years up
17 to life imprisonment, a fine not to exceed $4 million, a term
18 of supervised release of eight years which would follow any
19 term of imprisonment, and if you violated the conditions of
20 supervised release, you could be in prison for that entire term
21 as well, and a mandatory special assessment of $100.
22 And as to count four, it could be up to 10 years
23 imprisonment, a fine not to exceed $250,000, a term of
24 supervised release of up to three years which would follow any
25 term of imprisonment, and if you violated conditions of

1 supervised release, you could be in prison for that entire term
2 as well, and a mandatory special assessment of $100.
3     Now as to count four, I have no way of knowing at this
4 point in time what criminal background you may have, whether
5 you have other convictions in your background.  And I need to
6 advise you that if you have certain qualifying convictions,
7 other drug convictions or violent felony offenses in your
8 background, then count four could have a penalty of a minimum
9 15 years mandatory up to life imprisonment.  But that's only if
10 you have two or more of these qualifying convictions in your
11 background.  I have no way of knowing that at this time.  So I
12 simply have to advise you that that's a possibility if that in
13 fact exists.  Do you understand the possible consequences in
14 terms of sentence of your guilty plea?
15     MR. JENSEN:  Your Honor, before he answers, as noted
16 on page three in the footnote, we are disputing the drug
17 amount.
18     THE COURT:  Right.
19     MR. JENSEN:  And there is a question as to whether or
20 not it's going to be over 50 grams.  So his --
21     THE COURT:  But it will be less than what I told you
22 if it's --
23     MR. JENSEN:  Exactly.
24     THE COURT:  The maximum possible penalty would be.
25 But I don't have a way of knowing what the facts would be in

1   regard to the amount of drugs at this time either.  So I need
2   to give you the worst case scenario in both of those counts.
3   Do you understand what those possible maximums could be?
4         DEFENDANT DUPONT:  Yes, ma'am, I sure do.
5         THE COURT:  And Mr. Mitchell, as to each of the counts
6   to which you're pleading guilty, as to count one, the maximum
7   would be up to 30 years imprisonment, a fine not to exceed
8   $200,000 -- I mean, excuse me, $2 million, a term of supervised
9   release of eight years which would follow any term of
10  imprisonment, and a mandatory special assessment of $100.
11        As to count two it would be five years consecutive
12  mandatory imprisonment, consecutive to whatever you may get on
13  count one, a fine not to exceed $250,000, a term of supervised
14  release of three years which would follow any term of
15  imprisonment, and another mandatory special assessment of $100.
16        As to count three it would be up to 10 years
17  imprisonment, a fine not to exceed $250,000, another term of
18  supervised release of three years which would follow any term
19  of imprisonment, and another mandatory special assessment of
20  $100.
21        And as to count four it would be, again, up to 10
22  years imprisonment, a fine not to exceed $250,000, a term of
23  supervised release of three years, and a mandatory special
24  assessment of $100.
25        Counts two, three, and four would also require the

forfeiture of the firearms which is alleged in count five of the indictment.

Now, as to the terms of supervised release for all four of those counts, any term of supervised release imposed would be after the term of imprisonment. And if you violated the terms of supervised release, you could be imprisoned for the entire time of supervised release as well.

Do you understand those possible consequences of your guilty plea?

DEFENDANT MITCHELL: Yes, ma'am.

THE COURT: All right. Now, the United States Sentencing Commission has issued guidelines for judges to consider in determining the sentence in a criminal case. Have you and your attorney talked about how the sentencing guidelines might affect your sentence?

DEFENDANT DUPONT: Yes, ma'am.

DEFENDANT MITCHELL: Yes, ma'am.

THE COURT: Do you understand that the Court will not be able to determine the advisory guideline sentencing range for your case until after a presentence report has been completed by the probation office and you and the government have had the opportunity to challenge the reported facts and the application of the guidelines recommended by the probation office and that the guideline range determined by the Court may be different from any estimate your attorney or anybody else

might have given you in this case?

DEFENDANT DUPONT:  Yes, ma'am.

DEFENDANT MITCHELL:  Yes, ma'am.

THE COURT:  And do you understand that after your guideline range has been determined, the guidelines themselves further provide for departures either upwards or downwards from that range in certain circumstances?

DEFENDANT DUPONT:  Yes, ma'am.

DEFENDANT MITCHELL:  Yes, ma'am.

THE COURT:  And do you understand that although the Court is required to consider the guidelines when determining the sentence, the guidelines are advisory and do not necessarily control the sentence imposed?

DEFENDANT DUPONT:  Yes, ma'am.

DEFENDANT MITCHELL:  Yes, ma'am.

THE COURT:  Do you understand that in the federal system parole has been abolished and if you are sentenced to prison, you will not be released on parole?

DEFENDANT MITCHELL:  Yes, ma'am.

DEFENDANT DUPONT:  Yes, ma'am.

THE COURT:  Do you have any question about that?

DEFENDANT DUPONT:  No, ma'am.

THE COURT:  Do you understand also that under some circumstances you or the government may have the right to appeal any sentence that I impose; however, each of your plea

1   agreements contains a limited waiver of the right to appeal the
2   sentence itself.  And in each of your cases you have waived the
3   right to appeal the sentence or to file a post-conviction
4   proceeding in all but the three circumstances outlined, which
5   are if punishment is imposed in excess of the statutory
6   maximum, if punishment is imposed that constitutes an upward
7   departure from the guideline range, or if you have a claim of
8   ineffective assistance of counsel.
9        Do you understand that you have waived your right to
10  appeal or to file a post conviction proceeding in all but those
11  three circumstances outlined in your plea agreement?
12       DEFENDANT DUPONT:  Yes, ma'am.
13       DEFENDANT MITCHELL:  Yes, ma'am.
14       THE COURT:  All right.  Do you understand that you
15  have a right to plead not guilty to any offense charged against
16  you and to persist in that plea and that you would then have
17  the right to a trial by jury?  At that trial you would be
18  presumed to be innocent, and the government would have to prove
19  your guilt beyond a reasonable doubt.  You would have the right
20  to the assistance of counsel for your defense, the right to see
21  and hear all of the witnesses and have them cross-examined in
22  your defense, the right on your own part to decline to testify
23  unless you voluntarily elected to do so in your own defense,
24  and the right to the issuance of subpoenas to compel the
25  attendance of witnesses to testify in your defense.

```
 1                DEFENDANT DUPONT:  Yes, ma'am.
 2                DEFENDANT MITCHELL:  Yes, ma'am.
 3                THE COURT:  And do you understand that if you went to
 4     trial and decided not to testify or to put on any evidence at
 5     all, those facts could not be used against you?
 6                DEFENDANT DUPONT:  Yes, ma'am.
 7                DEFENDANT MITCHELL:  Yes, ma'am.
 8                THE COURT:  And do you further understand that by
 9     entering a plea of guilty, if that plea is accepted by the
10     Court, there will be no trial and you will have waived or given
11     up your right to a trial as well as those other rights
12     associated with a trial that I've just described?
13                DEFENDANT DUPONT:  Yes, ma'am.
14                DEFENDANT MITCHELL:  Yes, ma'am.
15                THE COURT:  All right.  Mr. DuPont, in order to
16     convict you of the counts to which you are pleading guilty, as
17     to count two which charges a violation of Title 21, United
18     States Code, Section 841, the United States would have to prove
19     that you knowingly and willfully possessed methamphetamine as
20     charged and that you possessed that substance with the intent
21     to distribute it.  Do you understand what the government would
22     have to prove as to count two?
23                DEFENDANT DUPONT:  Yes, ma'am.
24                THE COURT:  All right.  And for both Mr. DuPont and
25     for Mr. Mitchell, for Mr. DuPont on count four and for
```

1  Mr. Mitchell on count three, I believe it is, you are each
2  charged with a violation of Title 18, United States Code,
3  Section 922(g)(1).  In order to convict you of that offense,
4  the United States would have to prove that you knowingly
5  possessed a firearm in or affecting interstate commerce and
6  that before you had possessed that firearm, you had been
7  convicted in a court of a crime punishable by imprisonment for
8  in excess of one year; that is, a felony offense.  Do each of
9  you understand what the government would have to prove in order
10 to convict you of that offense?
11         DEFENDANT DUPONT:  Yes, ma'am.
12         DEFENDANT MITCHELL:  Yes, ma'am.
13         THE COURT:  All right.  And for Mr. Mitchell, as to
14 count one you are charged with violation of Title 21, United
15 States Code, Section 846, attempt to manufacture
16 methamphetamine.  And you could be found guilty of that offense
17 only if you knowingly and willfully intended to commit the
18 offense of manufacturing methamphetamine and that you engaged
19 in conduct which constituted a substantial step toward the
20 commission of that offense which strongly corroborates your
21 criminal intent of the intent to commit that offense.
22         Do you understand what the government would have to
23 prove to convict you of count one?
24         DEFENDANT MITCHELL:  Yes, ma'am.
25         THE COURT:  All right.  And as to count two, the

1  United States would have to prove that you used or carried a
2  firearm during and in relation to a drug trafficking felony
3  that was charged in count one.  Do you understand what the
4  government would have to prove to convict you of that?
5       DEFENDANT MITCHELL:  Yes, ma'am.
6       THE COURT:  And in count four you are charged with a
7  violation of Title 26, United States Code, Section 5861(d).
8  And in order to convict you of that, the United States would
9  have to prove that you knowingly possessed a firearm which had
10 a barrel or barrels of less than 18 inches in length and that
11 that firearm was not registered to you in the National Firearms
12 Registration and Transfer Record and that you knew the firearm
13 had such a short barrel.
14      DEFENDANT MITCHELL:  Yes, ma'am.
15      THE COURT:  Do you understand what the government
16 would have to prove in order to convict you of that?
17      DEFENDANT MITCHELL:  Yes, ma'am.
18      MS. COLVIN:  Your Honor, as it relates to the count
19 two, 924(c), I think the "possession in furtherance of"
20 language was what was applicable here.  I know we just
21 mentioned the use or carrying.
22      THE COURT:  Use or carrying?  All right.  Do you
23 understand you could be convicted of that offense if you
24 possessed that firearm in furtherance of the drug trafficking
25 offense?

```
 1          DEFENDANT MITCHELL:  Yes, ma'am.
 2          THE COURT:  Now, I asked each of you earlier if you
 3  had signed the factual resume attached to the plea agreement,
 4  and you said that you had.  And I want to make sure that you
 5  understand that by signing that factual resume, you are
 6  agreeing that the government could prove the facts set forth in
 7  that document with certain exceptions in Mr. Mitchell's case in
 8  order to support your conviction.  Do each of you understand
 9  and agree to that?
10          DEFENDANT DUPONT:  Yes, ma'am.
11          DEFENDANT MITCHELL:  Yes, ma'am.
12          THE COURT:  All right.  And the exceptions in
13  Mr. Mitchell's case appear to be the amount of the drugs that
14  the attempted manufacture was involved in; is that correct?
15          MS. COLVIN:  That's correct, Your Honor.  The
16  indictment states that it did not exceed 50 grams.  I think
17  it --
18          THE COURT:  And that it was more than 50 grams.
19          MS. COLVIN:  Right.  So there's no agreement as to
20  quantity.
21          MR. ATCHISON:  There's no agreement as to quantity.
22          THE COURT:  But other than that, you agree; is that
23  correct?
24          DEFENDANT MITCHELL:  Yes, Your Honor.
25          THE COURT:  Now, I have read each of those, so I will
```

1  ask you now how do you plead guilty to the charge -- how do you
2  plead to the charge, guilty or not guilty?
3      DEFENDANT DUPONT:  Guilty.
4      DEFENDANT MITCHELL:  Guilty.
5      THE COURT:  All right.  It is the finding of the Court
6  in the case of United States versus Peter J. DuPont and in the
7  case of United States versus Tony Lee Mitchell that each
8  defendant is fully competent and capable of entering an
9  informed plea, that each defendant is aware of the nature of
10 the charges and the consequences of the plea, and that the
11 pleas of guilty are knowing and voluntary pleas supported by an
12 independent basis in fact containing each of the essential
13 elements of the offense.  The pleas are therefore accepted and
14 each defendant is now adjudged guilty of those offenses.
15      Now, I told you earlier the probation office will be
16 preparing a presentence report, and they will want to interview
17 you in connection with preparing that report.  They will allow
18 you to have your counsel present.  But I ask that you all
19 cooperate to get that done.
20      Are extended sentencing dates needed for either or one
21 of these defendants?
22      MR. ATCHISON:  Yes, Your Honor.  Actually I believe
23 they are for both of the cases.  For Mr. DuPont I believe we
24 would ask for 120 days.
25      THE COURT:  All right.

```
 1              MR. ATCHISON:  And for Mr. Mitchell -- Tish, I can't
 2    remember what you and I said.
 3              MS. COLVIN:  180.
 4              MR. ATCHISON:  180?  Okay.
 5              MS. COLVIN:  That's fine.
 6              THE COURT:  May we have a sentencing date?
 7              THE CLERK:  Yes, Your Honor.  For Mr. DuPont it will
 8    be June the 21st at 1 p.m.
 9              THE COURT:  Is that suitable with you, Ms. Jensen?
10              MR. JENSEN:  That's fine, Judge.
11              THE COURT:  All right.
12              THE CLERK:  And for Mr. Mitchell it will be August the
13    17th at 1 p.m.
14              THE COURT:  Is that all right with you, Ms. Colvin?
15              MS. COLVIN:  Yes, Your Honor.
16              THE COURT:  Is there anything further from the
17    parties?
18              MS. COLVIN:  No, Your Honor.
19              MS. JENSEN:  Nothing further.
20              MR. ATCHISON:  No, Your Honor.
21              THE COURT:  We're adjourned.
22         (This hearing concluded at approximately 10:56 a.m.)
23
24
25
```

C E R T I F I C A T E

STATE OF ALABAMA)
COUNTY OF BALDWIN)

      I do hereby certify that the foregoing proceedings were taken down by me and transcribed using computer-aided transcription and that the foregoing is a true and correct transcript of said proceedings.

      I further certify that I am neither of counsel nor of kin to any of the parties, nor am I in anywise interested in the result of said cause.

      I further certify that I am duly licensed by the Alabama Board of Court Reporting as a Certified Court Reporter as evidenced by the ACCR number following my name found below.

_____
ROY ISBELL, CCR, RDR, RMR, RPR, CRR
ACCR #22
COURT REPORTER, NOTARY PUBLIC
STATE OF ALABAMA AT LARGE

My Commission Expires:  10/5/2013

Certified Court Reporter
    Alabama Board of Court Reporters
Registered Professional Reporter
Registered Merit Reporter
Registered Diplomate Reporter
Certified Realtime Reporter
    National Court Reporters Association