```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF ALABAMA


UNITED STATES OF AMERICA
                                          CASE NO. CR09-00281
v.
                                          COURTROOM 2B
TONY LEE MITCHELL,
                                          MOBILE, ALABAMA
          Defendant.
                                          TUESDAY, AUGUST 17, 2010
* * * * * * * * * * * * * * *


                             SENTENCING
             BEFORE THE HONORABLE CALLIE V. S. GRANADE,
                    UNITED STATES DISTRICT JUDGE



APPEARANCES:

FOR THE GOVERNMENT:
    GLORIA A. BEDWELL
    Assistant United States Attorney
    United States Attorney's Office
    63 S. Royal Street, Suite 600
    Mobile, AL  36602
    (251) 441-5845

FOR THE DEFENDANT:
    LATISHA COLVIN
    Federal Defenders, Inc.
    Southern District of Alabama
    11 North Water Street, Suite 11290
    Mobile, AL  36602
    (251) 433-0910

THE CLERK:  MARY ANN BOYLES
COURT SECURITY:  CSO ALVIN BRASSFIELD
COURT REPORTER:  ROY ISBELL, CCR, RDR, CRR

       Proceedings recorded by OFFICIAL COURT REPORTER
       Qualified pursuant to 28 U.S.C. 753(a) & Guide to
  Judiciary Policies and Procedures Vol. VI, Chapter III, D.2.
          Transcript produced by computerized stenotype.
```

1        (1:09 p.m., in open court, defendant present.)

2             THE CLERK: Case set for sentencing in United States

3   of America versus Tony Lee Mitchell, criminal case number

4   09-281, what says the government?

5             MS. BEDWELL: Ready, Your Honor.

6             THE CLERK: What says the defendant?

7             MS. COLVIN: Ready, Your Honor.

8             THE COURT: All right. Ms. Colvin, have you and

9   Mr. Mitchell been over the presentence report?

10            MS. COLVIN: Yes, Your Honor.

11            THE COURT: And are there any objections outstanding?

12            MS. COLVIN: No, Your Honor.

13            THE COURT: All right. It's the finding of the Court

14  that the total offense level in this case is 24 with a criminal

15  history category of III. Are there any objections to those

16  findings?

17            MS. COLVIN: No, Your Honor.

18            THE COURT: I will hear from you on behalf of

19  Mr. Mitchell.

20            MS. COLVIN: Yes. I would just briefly say on his

21  behalf, Your Honor, that -- well, first of all, in court in

22  support of him he's got his parents, W. D. Mitchell and his

23  mother, Carolyn. He also has a brother who's in court in

24  support of him and just wanted me to let the Court know.

25            THE COURT: All right. Thank you.

1    MS. COLVIN:  And, Your Honor, as is evident in
2  paragraphs 53 and 54 of the presentence report, he comes from a
3  very nice and supportive family.  He looks to be the one who
4  has chosen a different path, and for that reason he stands
5  before the Court again.  I would ask the Court to take into
6  consideration that he has pled to the indictment in
7  acknowledgment of his responsibility for this, for the conduct
8  he's chosen to engage in.
9        He also attempted to cooperate with the government.
10 However, I understand that it did not rise to the level of
11 substantial assistance.  I know that he has provided statements
12 and I know that that will be evaluated by the government later
13 on, it's just not ripe at this time.  But I wanted the Court to
14 know that that's in further acceptance of responsibility.  So I
15 would just ask the Court to consider imposition of the low end
16 of the guidelines as it relates to counts one, three, and four,
17 in addition to the nongroupable count of count two, which would
18 carry a mandatory consecutive sentence.
19        THE COURT:  All right.  Mr. Mitchell, do you have
20 anything that you would like to say before I impose sentence?
21        THE DEFENDANT:  I truly regret this whole situation
22 and I apologize to everybody involved from the United States
23 Government, the people that's in this country, my family,
24 everybody.  I'm sorry.
25        THE COURT:  Ms. Bedwell, does the government have a

recommendation?

MS. BEDWELL: Your Honor, we do submit to the Court that a sentence at the low end of the advisory guideline level consecutive to the mandatory penalty for the 924(c) count does present a reasonable sentence in this case in light of the statutory factors, including the defendant's criminal history and the seriousness of this particular offense, which did involve a fire and an explosion of a meth lab.

THE COURT: All right. Well, Mr. Mitchell, I have considered the sentencing guidelines in your case and I've considered the statutory purposes of sentence and I do feel like the guidelines provide for an appropriate sentence and I intend to sentence at the low end on those counts to which it is applicable and then I'm required to sentence you to 60 months in addition to that consecutive due to the firearm.

I'm now going to state the sentence that I intend to impose, and after I've stated it I will allow counsel to make legal objection before imposition of the sentence.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Tony Lee Mitchell, is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 123 months. This consists of 63 months as to each of counts one, three, and four, said terms to be served concurrently, and 60 months as to count two to be served consecutively to the

1  sentence imposed in counts one, three, and four.

2  I do recommend that you be imprisoned at an
3  institution where a residential comprehensive substance abuse
4  treatment program is available.

5  Upon release from imprisonment, the defendant shall be
6  placed on supervised release for a term of three years as to
7  each of counts one, two, three, and four, all said terms to run
8  concurrently.

9  Within 72 hours of release from custody of the Bureau
10 of Prisons, the defendant shall report in person to the
11 probation office in the district to which he is released.

12 While on supervised release the defendant shall not
13 commit any federal, state, or local crimes, he shall be
14 prohibited from possessing a firearm or other dangerous device
15 and shall not possess a controlled substance.  In addition, the
16 defendant shall comply with the standard conditions of
17 supervised release as recommended by the United States
18 Sentencing Commission and on record with this Court.

19 The Court orders that the defendant also comply with
20 the following special condition of supervised release:  He
21 shall participate in a program of testing and treatment for
22 drug and/or alcohol abuse as directed by the probation office.

23 The Court finds that the defendant does not have the
24 ability to pay a fine and therefore a fine is not imposed.

25 I find the guideline range appropriate to the facts

1   and circumstances of this case and reasonable, given the
2   statutory purposes of sentencing.
3       The sentence imposed does address the seriousness of
4   the offense and the sentencing objectives of punishment,
5   deterrence, and incapacitation.
6       It is ordered that the defendant pay a special
7   assessment in the amount of $100 on each of counts one, two,
8   three, and four, for a total of $400, which shall be due
9   immediately.
10      Now, having stated the sentence I intend to impose,
11  are there legal objections to it?
12      MS. COLVIN:  No, Your Honor.
13      THE COURT:  All right.  I hereby impose the sentence
14  as previously stated.
15      Now, Ms. Bedwell, there is a forfeiture count.  Is
16  there anything to be forfeited in this case?
17      MS. BEDWELL:  No, ma'am.  We move to dismiss that
18  count at this time.
19      THE COURT:  All right.  It is hereby dismissed.
20      Now, Mr. Mitchell, you have the right to appeal your
21  conviction if you believe that your guilty plea was unlawful or
22  involuntary or if there's some other fundamental defect in the
23  proceeding that was not waived by your guilty plea.  You also
24  have a statutory right to appeal the sentence itself in certain
25  circumstances.  However, you entered into a guilty plea which

```
 1   waives certain of your rights to appeal the sentence
 2   itself.  Such waivers are generally enforceable.  But if you
 3   believe the waiver to be unenforceable, you could test that
 4   theory in the appellate court.  If you do decide to appeal, you
 5   must do so within 14 days of entry of judgment in this case and
 6   Ms. Colvin could file that notice for you.
 7           Is there anything else?
 8           MS. COLVIN:  No, Your Honor.
 9           THE COURT:  All right.  We're adjourned.
10           MS. COLVIN:  Thank you.
11           THE DEFENDANT:  Thank you.
12       (This hearing concluded at approximately 1:16 p.m.)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

*Roy Isbell, CCR, RDR, CRR, Official Court Reporter*
*113 St. Joseph Street, #231, Mobile, Alabama  36602*

C E R T I F I C A T E

STATE OF ALABAMA)

COUNTY OF BALDWIN)

     I do hereby certify that the foregoing proceedings were taken down by me and transcribed using computer-aided transcription and that the foregoing is a true and correct transcript of said proceedings.

     I further certify that I am neither of counsel nor of kin to any of the parties, nor am I in anywise interested in the result of said cause.

     I further certify that I am duly licensed by the Alabama Board of Court Reporting as a Certified Court Reporter as evidenced by the ACCR number following my name found below.

     _____
ROY ISBELL, CCR, RDR, RMR, RPR, CRR
ACCR #22
COURT REPORTER, NOTARY PUBLIC
STATE OF ALABAMA AT LARGE

My Commission Expires:  10/5/2013

Certified Court Reporter
    Alabama Board of Court Reporters
Registered Professional Reporter
Registered Merit Reporter
Registered Diplomate Reporter
Certified Realtime Reporter
    National Court Reporters Association

*Roy Isbell, CCR, RDR, CRR, Official Court Reporter*
*113 St. Joseph Street, #231, Mobile, Alabama  36602*