IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                                                        ) | CRIM. NO.  09-00281-CG |
| ) | |
| TONY LEE MITCHELL                    ) | |

### UNITED STATES'S RESPONSE TO MOTION
### FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

Comes now the United States of America, by and through Kenyen R. Brown, the United States Attorney for the Southern District of Alabama, and responds to defendant Tony Lee Mitchell's suggestion of excusable neglect or good cause for his untimely notice of appeal, as per this Court's Order on limited remand from the United States Court of Appeals for the Eleventh Circuit.  *See* Docs. 57, 58.  Mitchell has failed to demonstrate any valid basis to extend the 14-day time period for filing a notice of appeal, under Fed. R. App. P. 4(b)(4).

Long after his judgment was final, Mitchell moved to compel the United States to file a Fed. R. Crim. P. 35(b) motion on his behalf.  On February 29, 2012, this Court's Order denying the motion was signed, entered, and docketed.  *See* Docs. 41, 42.  Thus, Mitchell had 14 days from that date to file a notice of appeal under Fed. R. App. P. 4(b)(1)(A)(i), that is, until March 14, 2012.  However, he did not do so.  He waited to file any notice of appeal until (at the earliest, as per

the "mailbox rule"[1]) nearly one month after that time period had run, on April 9, 2012. Doc. 45 (initially filed with the Eleventh Circuit). And although Mitchell could have tolled that 14-day period by filing a motion to reconsider the Order within that period, he did not do that, either. *See, e.g., United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992) ("A motion for reconsideration in a criminal case must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal."). Rather, he waited until after the 14-day period had run to file his motion. Doc. 43 at 6 (signed by Mitchell on March 24, 2012, 10 days after his appeal period had run). That motion to reconsider, therefore, was itself untimely. This Court denied the motion. Doc. 43.

In his submission at Doc. 58, Mitchell purports to establish "excusable neglect or good cause" as required under Fed. R. App. P. 4(b)(4) to extend the appeal period. But Mitchell has not satisfied either prong of the exception. Nowhere in his motion does he offer any legitimate reason why he did not attempt to file a notice of appeal within the 14-day period between February 29 and March

---

[1]*See, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (under the "mailbox rule," the date a prisoner delivers a § 2255 petition or other filing to prison authorities for mailing is deemed to be the date of filing with the court).

14, 2012. He readily admits that his motion to reconsider was "10 days tardy." *Id.* at 6.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), the Supreme Court instructed that the time period for filing a notice of appeal may be excused for an additional thirty days considering the danger of prejudice to the nonmovant, the length of the delay, the reason for the delay, and whether the movant acted in good faith. *See, e.g., United States v. Ruiz-Guifarro*, 469 F. App'x 805, 806-07 (11th Cir. 2012) (unpublished). "The 'excusable neglect' standard applies in situations in which there is fault, usually occasioned by something within the movant's control. . . . The 'good cause' standard applies in situations in which there is no fault, namely, the need for an extension is usually occasioned by something that is not within the movant's control." *Id.* at 806 (citing Fed. R. App. P. 4(b)(4), advisory committee notes (2012 amendments)).

Mitchell does not allege that his failure to file a timely appeal was due to any circumstance beyond his control. In fact, he readily admits that his decision to ignore the 14-day deadline was deliberate. *See* Doc. 58 at 7 ("Appellant's reading of this Rule 4(b) prompted the conclusion that because a Motion to Reconsider was being filed as opposed to a Notice of Appeal under Rule 4(b)(1), the 14 days time limit did not apply.").

Thus, the lone question presented concerns excusable neglect, as Mitchell merely claims ignorance about the allowed time for the filing of a motion to reconsider. The excuse he offers is unavailing. He does not explain any factual or legal basis for his assumption. Indeed, Rule 4 makes no reference to motions to reconsider at all, much less the tolling effect of such a motion. But even if his assumption (on some basis) were sincere, it would nevertheless be insufficient to warrant a 30-day extension of the appeal period under Rule 4(b)(4). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Cordell v. Pacific Indemnity Co.*, 335 F. App'x 956, 960 (11th Cir. 2009) (unpublished) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 392). That is because "even pro se pleadings must adhere to time requirements." *Cordell*, 335 F. App'x at 960 (citing *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993)).

And Mitchell suggests, only generally, that the there is no "danger of prejudice to the government" in re-opening his appeal period. Doc. 58. But this is untrue. Not only is there no good reason offered for the delay, the United States would be prejudiced by Mitchell receiving an out-of-time appeal due to the resources necessary to respond to a clearly frivolous appeal. An appeal claim that the United States should be compelled to file a Rule 35(b) motion would be due

for dismissal in light of the sentence appeal waiver contained in his plea agreement, Doc. 16 at 11-12, and otherwise would be frivolous because of the vast discretion vested in the prosecution with respect to substantial assistance-related motions. A district court is without subject-matter jurisdiction to review the United States's failure or refusal to file a substantial assistance motion, except under very limited circumstances: first, when there is a threshold showing that the United States breached the plea agreement in that regard, and second, when the defendant has made a "substantial threshold showing" that such was based on an unconstitutional motive, such as the defendant's race or religion or that the decision was not "rationally related" to any government purpose. *See Wade v. United States*, 504 U.S. 181, 185 (1992); *United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993).

    For the above reasons, the United States requests that Mitchell may not be availed of an extension of his appeal period under Rule 4(b)(4).

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY
By:

s/Steven E. Butler
Steven E. Butler
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama  36602
Telephone:  (251) 415-7102
Fax:  (251) 441-5131
E-mail: steven.butler@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that, on November 15, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve any counsel of record.  I further certify that on that day a copy of the same was sent via first-class United States mail, sufficient postage pre-paid and properly affixed, and properly addressed to the defendant at his last-known address: #07774-003, FCI Edgefield, P.O. Box 725, Edgefield, SC 29824.

s/ Steven E. Butler
Steven E. Butler
Assistant United States Attorney