IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | |
| ) | **CRIMINAL NO. 09-0281-CG-N** |
| **TONY LEE MITCHELL,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter comes before the Court on a limited remand from the Eleventh Circuit Court of Appeals to determine whether Defendant Tony Lee Mitchell's untimely notice of appeal was the result of excusable neglect or good cause under Federal Rule of Appellate Procedure 4(b)(4).  (Doc. 45, 56)  In response to that order, the Court directed the parties to file written submissions addressing this issue.  (Doc. 57)  After careful review of the parties' submissions, the Court finds that Defendant has not demonstrated excusable neglect, and, accordingly, an extension of time to file a notice of appeal pursuant to Rule 4(b)(4) is **DENIED**.

I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On February 18, 2010, Defendant Tony Lee Mitchell pled guilty to four counts:  count one, attempt to manufacture methamphetamine, in violation of 21 U.S.C. § 846; count two, using and carrying a firearm in connection with a drug felony, in violation of 18 U.S.C. § 924(c)(1); count three, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and count four, possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). (Docs. 15, 16, 18)  As to

counts one, three, and four, Mitchell was sentenced to 63 months in prison. Consecutive to that was a 60-month sentence mandated by § 924(c)(1) on count two, resulting in a total sentence of 123 months. (Doc. 25 at 2; Doc. 31 at 4-5) Defendant did not directly appeal (Doc. 24), but he filed a timely § 2255 motion (Doc. 28), which remains pending before this Court.

On February 27, 2012, Defendant filed a motion to compel the United States to file a Rule 35(b) motion on his behalf (Doc. 41),[1] which this Court denied two days later (Doc. 42). Twenty-four days thereafter, on March 24, 2012,[2] Defendant filed a motion to reconsider, which this Court also denied. (Docs. 43, 44) On April 9, 2012, Defendant noticed his appeal from the order denying his motion to compel. (Doc. 45)

Because Mitchell did not file his notice of appeal within 14 days after February 29, 2012 (i.e., by March 14, 2012), the Eleventh Circuit Court of Appeals found that the Notice of Appeal was untimely pursuant to Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure. (Doc. 56 at 1) However, because Defendant's notice was filed within 30 days of the expiration of the appeal period provided by the rule, the appellate court treated defendant's late notice of appeal as a motion for

---

[1] Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, a court may, upon the government's motion and in certain circumstances, reduce an imposed sentence where the defendant has provided substantial assistance to the government in investigating or prosecuting another person. Fed. R. Crim. P. 35(b).

[2] The Court docketed Defendant's motion on March 28, 2012, but he mailed it on March 24. "A pro se prisoner's notice of appeal is considered to be filed on the date that the prisoner delivers the notice to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 13341 (11th Cir. 1999) (citing Houston v. Lack, 487 U.S. 266, 275 (1988)); Fed. R. App. P. 4(c).

2

extension of time pursuant to Rule 4(b)(4) and remanded the motion to this Court for a determination of good cause or excusable neglect. (Doc. 56 at 1) The parties have submitted briefs addressing the question.

## II.   LEGAL STANDARD

In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). While the Federal Rules of Criminal Procedure do not expressly authorize the filing of a motion to reconsider an order by the district court, "[a] motion for reconsideration in a criminal case must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal." United States v. Vicaria, 963 F.2d 1412, 1414 (11th Cir. 1992) (per curiam) (citing United States v. Russo, 760 F.2d 1229, 1230 (11th Cir. 1985)). A district court may retroactively extend the time to file a notice of appeal beyond the initial 14-day period, for up to an additional thirty days, "[u]pon a finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4).

## III.   DISCUSSION

As detailed in the advisory committee's notes to the 2002 amendments to the Federal Rules of Appellate Procedure:

> The good cause and excusable neglect standards have different domains. They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the

3

movant.

Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note; see also United States v. Ruiz-Guifarro, 469 F. App'x 805, 806 n.2 (11th Cir. 2012).

Defendant has not alleged that he was unable to file a timely notice of appeal due to circumstances outside of his control.  Rather, the delay in this case was the result of Defendant's unfamiliarity with and misreading of the Federal Rules of Appellate Procedure and relevant case law.  Therefore, Defendant has not offered evidence of good cause, and the Defendant's time to file should be extended retroactively only if Defendant can demonstrate excusable neglect.  When applying the excusable neglect standard in the context of the Federal Rules of Appellate Procedure, this Court adheres to the standard originally set forth in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993).  The Pioneer standard is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.  Id. at 395.  The burden of demonstrating excusability lies with the party seeking the extension and a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing.  20 James Wm. Moore et al., Moore's Federal Practice ¶ 304.14[2][a] (3d ed. 2012).

As a matter of law, an attorney's failure to comprehend the interplay between

4

the rules governing the time to file a motion for reconsideration and the time to file a notice of appeal is not excusable neglect.  See Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997).  However, "pro se litigants are arguably not charged with as much responsibility in following the filing rules."  Pinion v. Dow Chem., U.S.A., 928 F.2d 1522, 1533 (11th Cir. 1991).  Nonetheless, even pro se criminal defendants "must follow the rules of procedure."  United States v. Ly, 646 F.3d 1307, 1316 (11th Cir. 2011).

Under Pioneer, the first factor for the Court to consider in determining whether Defendant's failure to timely file his notice of appeal constitutes excusable neglect is whether the non-movant will be prejudiced.  In its submission, the government contends that, were the Court to grant Defendant an extension, it would suffer prejudice by having to defend a frivolous appeal that would be due to be dismissed in light of the sentence appeal waiver contained in Defendant's plea agreement.  (Doc. 59 at 5-6).  The Court finds the government's position persuasive.

The second Pioneer factor examines the length of delay and its potential impact on the judicial proceedings.  Though the 10-day lapse between the expiration of Defendant's time to file his notice of appeal and the filing of his motion for reconsideration is not insignificant, the Court cannot discern any palpable impact on the efficient administration of justice, inasmuch as Rule 4(b)(4) would have permitted Defendant 20 additional days to seek a retroactive extension of time to file.

However, in this case, the most important of the Pioneer factors is the third.

As Defendant explained, while he was aware of and possessed the ability to comply with the 14-day rule, he erroneously assumed that it did not apply to his circumstances:

> Appellant admits that the time to file a Notice of Appeal is 14 days after the court's entry of a judgement [sic] or order. Appellant is also apprised of the ability to file a Motion to Reconsider the Court's entry of a judgement [sic] or order. Subsection Three of Rule 4 (b) covers motions. Appellants [sic] reading of this Rule 4 (b) prompted the conclusion that because a Motion to Reconsider was being filed as opposed to a Notice of Appeal under Rule 4 (b) (1), the 14 day time limit did not apply. Rather, Appellant further asserts that because Rule 4 (b) (3) is devoid of any time period to file a motion, it determined that 30 days was the applicable time limit. Appellants [sic] reliance on the 30 day time limit is not unfounded. Because the Rule was about a specific time within which to file a Motion to Reconsider, Appellant took 30 days as the time limit, the maximum limit of either party's specific actions required under the Rule.

Defendant's error is born of his misguided effort to fill in what he perceived to be a gap in the Federal Rules. Cognizant of the fact that Rule 4(b)(3) extends a defendant's time to file a notice of appeal until after the district court has disposed of post-trial motions brought pursuant to Rules 29, 33, and 34 of the Federal Rules of Criminal Procedure, Defendant simply presumed that his time to appeal would be similarly extended if, first, he were to move for reconsideration of this Court's February 29 order. However, Defendant did not research whether any time restriction applied to his motion for reconsideration, nor did he look to Rule 29, 33, or 34 to discover whether those rules specify how much time a defendant has to seek relief under those various provisions.[3] Instead, Defendant chose to believe that he

---

[3] Rules 29, 33 and 34 all provide for 14 days. See Fed. R. Crim. Pro. 29(c)(1), 33(b)(2), 34(b).

6

had 30 days to seek reconsideration because Rule 4(b)(1)(B) provides the government with 30 days to file its notice of appeal in a criminal case. Without commenting further on the strained logic underlying that choice, it suffices to say that the more prudent course would have been for Defendant to file his notice of appeal within 14 days of the Court's order. Gambling with a known deadline is not excusable neglect, and the stakes are extremely high. As the Supreme Court has observed, "[f]iling deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." United States v. Locke, 471 U.S. 84, 101, (1985); cf. Brandau v. Warden, FCC Coleman-Medium, 476 F. App'x. 367, 370 & n.3 (11th Cir. 2012) (evidence that a pro se litigant was aware of a deadline but chose to disregard it did not excuse his untimely filing).

With respect to the final Pioneer factor, the Court finds that Defendant has not acted in bad faith. It does not appear that Defendant has "sought an advantage by filing late," and the Government does not suggest otherwise. Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996).

In sum, the prejudice to the government and Defendant's failure to provide an adequate excuse for his tardiness outweigh the other Pioneer factors. As such, Mitchell's neglect in failing to file on time was not "excusable," and an extension of time to file a notice of appeal is hereby **DENIED**.

7

## CONCLUSION

Based on the foregoing, the Court finds no demonstration of good cause or excusable neglect.  Accordingly, it is now **ORDERED** that the Clerk shall return the certified record as supplemented with a copy of this Order to the Eleventh Circuit Court of Appeals for further proceedings.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE