IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TONY LEE MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 11-00379-CG |
| | ) | Criminal No. 09-00281-CG-N |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Doc. 77), Petitioner Tony Lee Mitchell's ("Mitchell") objection to the Report and Recommendation (Doc. 79), the United States' response (Doc. 81), and Mitchell's reply (Doc. 82). The Magistrate Judge recommended that Mitchell's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 28) as amended be denied.[1] (Doc. 77). After due and proper consideration of all portions of this file deemed relevant to the issue raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court, with the following

---

[1] Through pleadings separate from his § 2255 petition, Mitchell also filed a motion to "compel summary action" on his petition (Doc. 70), motion "to enlarge" his petition (Doc. 71), motion to add a fourth claim for ineffective assistance of counsel (Doc. 74), and a motion "to request additional entries into the expanded record" (Doc. 76).

additional discussion. It is **ORDERED** that Mitchell's petition for habeas corpus relief is hereby **DENIED**

### DISCUSSION

Mitchell only objects to the Magistrate Judge's recommendation to deny the claimraised in his "supplement" to his "motion to enlarge." That his asserts that his counsel was ineffective in leading him to believe that he would receive a sentence reduction if he cooperated per U.S.S.G. § 5K1.1 or Federal Rule of Criminal Procedure 35. See Doc. 72 at 2. The Magistrate Judge found that Mitchell's amended ineffective assistance of counsel claim, which was filed nearly two years after his original § 2255 petition, related back to his other timely-filed claims. See Doc. 77 at 23. When addressing the merits of the claim, the court determined that Mitchell's counsel was not ineffective in light of the unequivocal terms of the written plea agreement and Mitchell's acknowledgements during the plea colloquy evidencing his understanding that a substantial assistance motion was not guaranteed. Id. at 25-27. In a footnote, the court concluded that to the extent Mitchell attempted to assert a claim for breach of his plea agreement by the United States, it was due to be denied because that issue was previously litigated before both the District Court and the Eleventh Circuit and, additionally, that it was time barred because it did not relate back to his timely filed petition. See Doc. 77 at 24 n. 21.

Under the Antiterrorism and Effective Death Penalty Act of 1996

("ADEPA"), there is a one-year statute of limitations for post-conviction § 2255 motions. Davenport v. U.S., 217 F.3d 1341, 1343 (11th Cir. 2000). "When a petitioner files a timely § 2255 motion, and then later files an untimely amended or supplemental motion that raises additional claims, the untimely claims are barred by the statute of limitations unless they 'relate back' to the original motion under Federal Rule of Civil Procedure 15(c)." Espinosa v. U.S., 330 Fed.Appx. 889, 891 (11th Cir. 2009) (citing Davenport, 217 F.3d at 1344). An amended pleading relates back if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2).

Mitchell argues that any substantive claim for breach of the plea agreement should relate back to his timely filed petition because it arises from the same set of operative facts. The court disagrees. As explained in the report and recommendation, although a standalone claim for breach of the plea agreement may be factually related to Mitchell's timely filed habeas petition, it is "based on a theory of relief separate from the theories underlying the timely made claims (for ineffective assistance of counsel and concerning the adequacy of his guilty plea)." See Doc. 77 at 24 n. 21. Moreover, Mitchell fails to address that, even absent this finding, any standalone claim for breach of the plea agreement fails because it was previously litigated before both the District Court and Eleventh Circuit.

The Court has considered Mitchell's arguments de novo and reviewed

3

the Report and Recommendation of the Magistrate Judge. The court finds that the Magistrate Judge properly denied all § 2255 claims raised by Mitchell. The Magistrate Judge also properly rejected Mitchell's request for an evidentiary hearing.

## **CONCLUSION**

It is **ORDERED** that the petition for writ of habeas corpus as amended filed by Tony Lee Mitchell (Doc. 28) is here by **DENIED.** The court further finds that Mitchell is not entitled to issuance of a Certificate of Appealability, and, therefore, is not entitled to appeal in forma pauperis.

**DONE and ORDERED** this 13th day of December, 2013

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE